IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEE D. WILLIAMS,

    Petitioner,

v.

MICHAEL SHEETS, Warden,

    Respondent.

CASE NO. 2:07-cv-1003
JUDGE SMITH
MAGISTRATE JUDGE KEMP

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ and supplemental response, and the exhibits of the parties. Petitioner has withdrawn his request for a stay. *See* Doc. No. 31. That request, Doc. Nos. 24, is **DENIED**.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed without prejudice as unexhausted. Petitioner alternatively may notify the Court within twenty days if he wishes to delete his unexhausted claims from the petition and proceed on his remaining exhausted claims.

Petitioner's request for the appointment of counsel, Doc. No. 2, and discovery, Doc. No. 3, also are **DENIED** without prejudice to renewal.

## PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Lee D. Williams, defendant-appellant, appeals his convictions entered upon a jury verdict in the Franklin County Court of Common Pleas. Appellant was found guilty of two counts of kidnapping, a violation of R.C. 2905.01, and three counts of rape, a violation of R.C. 2907.02.
>
> On March 3, 2001, a grand jury indicted appellant on three counts of kidnapping and five counts of rape. The charges were based upon allegations of appellant's former girlfriend, Kimberly. Kimberly claimed that: (1) on either January 9 or 10, 2000, appellant had vaginal intercourse with her by force or threat of force; (2) sometime between May and September 2000, appellant twice had vaginal intercourse with her by force or threat of force; and (3) on September 20, 2000, appellant had vaginal intercourse and engaged in cunnilingus with her by force or threat of force. Appellant was also indicted for two counts of rape and two counts of burglary based upon similar allegations from another former girlfriend named Amanda.
>
> In October 2001, appellant was tried by a jury for the crimes committed against Kimberly and Amanda as alleged in the two indictments. On October 19, 2001, the jury found appellant guilty of raping and kidnapping Kimberly in January 2000. The jury also found appellant guilty of committing one count of kidnapping and two counts of rape on September 20, 2000. The jury further found appellant not guilty of the remaining counts including all counts related to his conduct with Amanda. After holding a sentencing and sexual predator hearing, the trial court sentenced appellant to serve eight years in prison for each of the two kidnapping counts and eight years in prison for each of the three rape counts. The court found appellant's two kidnapping convictions should be served concurrent to each other and concurrent to his rape convictions. The court further held that appellant's three rape convictions should be served consecutively for a total of twenty-four years in prison. The court found in a separate entry that appellant was a sexual predator pursuant to R.C. 2950.09.

*State v. Williams*, 2002 WL 2005815 (Ohio App. 10th Dist. September 3, 2002). Petitioner filed a timely appeal. He asserted the following assignments of error:

> [I.] The trial court erred in failing to conduct a more detailed inquiry into Appellant's claim that his counsel was not prepared for trial.
>
> [II.] Appellant was denied effective assistance of counsel as guaranteed under the Fifth, Sixth, and Fourteen Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution because counsel failed to timely object to the introduction of inadmissible evidence that was highly damaging and unfairly prejudicial.
>
> [III.] The trial court erred in imposing a term greater than the minimum period of incarceration, without making findings as required by R.C. 2929.14, upon a defendant with no prior history of imprisonment.
>
> [IV.] The trial court erred in imposing consecutive terms of imprisonment, in violation of R.C. 2929.14(E)(4).
>
> [V.] The verdict was against the manifest weight of the evidence, thereby, depriving Appellant of his due process protections under the state and federal Constitutions.
>
> [VI.] The trial court erred in entering judgments of conviction on two counts of kidnapping that it found merged with rape counts.
>
> [VII.] The trial court erred in finding Appellant to be a sexual predator.
>
> [VIII.] The trial court abused its discretion in ordering Appellant to pay the court costs of the case.

*See id.* On September 3, 2002, the appellate court affirmed petitioner's convictions in part and reversed petitioner's convictions in part, and remanded the case to the trial court as follows:

> [A]ppellant's fourth and sixth assignments of error are sustained, and appellant's first, second, third, fifth, seventh,

and eighth assignments of error are overruled. We affirm appellant's three rape convictions, the trial court's imposition of an eight-year sentence for each of appellant's three rape convictions, the trial court's determination that appellant is a sexual predator, and the court's imposition of a fine and financial sanction of $385. We reverse the trial court's imposition of consecutive sentences and remand this matter to the trial court for a determination of whether consecutive sentences should be imposed consistent with this opinion. We also remand the present case to the trial court to merge appellant's two kidnapping convictions with his three rape convictions pursuant to R.C. 2941.25.

*Id*. Still represented by counsel, petitioner filed a timely appeal. He raised the following propositions of law:

> 1. It is the duty of the trial court to investigate claims of inadequate preparation of counsel of a criminal defendant upon a demonstration that counsel had not performed essential duties such as interviewing potential witnesses and investigating possible defenses.
>
> 2. A criminal defendant is denied effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when counsel fails to timely object to the introduction of inadmissible evidence that is highly damaging and unfairly prejudicial.
>
> 3. Before entering a sexual predator finding, the trial court must conduct a hearing at which there is competent, credible evidence to support a finding that an offender is likely to commit other sexual offenses.

*Exhibit 12 to Return of Writ*. On January 15, 2003, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Williams*, 98 Ohio St.3d 1412 (2003). On October 15, 2003, the trial court re-

sentenced petitioner to an aggregate term of twenty-four years incarceration (*i.e.*, three terms of eight years on counts two, seven, and eight, each of petitioner's rape convictions, merging the kidnapping charges in counts one and six). *See Exhibit 39 to Return of Writ*. Petitioner did not timely appeal; however, on March 9, 2007, he filed a *pro se* motion for delayed appeal. *Exhibit 31 to Return of Writ*. As cause for his untimely filing, he alleged that neither trial counsel nor the trial court had advised him of his right to appeal. *Id.; see Exhibit 34 to Return of Writ*. On March 30, 2007, the appellate court denied petitioner's motion for delayed appeal. *Exhibit 34 to Return of Writ*. On October 30, 2008, the appellate court denied petitioner's subsequent motions for leave to amend his motion for delayed appeal, and application for reconsideration. *See Exhibit AA to Respondent's Supplemental Response*. The record before this Court is unclear as to whether petitioner pursued a subsequent appeal to the Ohio Supreme Court from the appellate court's October 30, 2008, denial of his motion to amend and motion for reconsideration. Respondent indicates that no appeal was filed. However, petitioner indicates that he filed an appeal with the Ohio Supreme Court. *See Petitioner's Response to Show Cause Order*, Doc. No. 31.

Petitioner also pursued post conviction relief. Those proceedings were summarized by the Ohio Tenth District Court of Appeals as follows:

> On August 12, 2002, before this court issued *Williams*, defendant filed a petition for postconviction relief alleging ineffective assistance of counsel. Defendant argued that his trial counsel did not adequately investigate possible witnesses regarding the credibility of Ms. Folk. In support of that contention, defendant submitted affidavits from three different individuals. On September 9, 2002, defendant filed a motion

requesting that the trial court issue an order permitting him to conduct limited discovery relating to his claim for postconviction relief. On August 30, 2004, defendant moved to amend his petition for postconviction relief to include an allegation that the trial court imposed non-minimum, consecutive sentences in violation of *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531. On October 22, 2004, defendant filed another motion for leave to conduct discovery, requesting a court order permitting him to subpoena particular mental health records maintained by Fairfield Memorial Medical Center.

In a decision entered March 10, 2005, the trial court dismissed defendant's petition and amended petition for postconviction relief. The trial court determined that (1) defendant failed to set forth sufficient operative facts that would require a hearing; (2) the claims based on alleged ineffective assistance of counsel are precluded by res judicata; and (3) the *Blakely* claim fails as a matter of law in view of *State v. Abdul-Mumin,* Franklin App. No. 04AP-485, 2005-Ohio-522.

Defendant appeals and has set forth the following three assignments of error:

I. THE TRIAL COURT ERRED IN FAILING TO HOLD A HEARING OR ALTERNATIVELY GRANTING RELIEF ON PETITIONER'S FIRST CLAIM FOR RELIEF ALLEGING HIS TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES, AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

II. THE TRIAL COURT ERRED IN FAILING TO HOLD A HEARING OR ALTERNATIVELY GRANTING RELIEF ON PETITIONER'S SECOND CLAIM FOR RELIEF ALLEGING THAT IMPERMISSIBLE JUDICIAL FACT-FINDING USED TO IMPOSE NON-MINIMUM, CONSECUTIVE SENTENCES AND THE FAILURE TO USE THE BEYOND A REASONABLE DOUBT STANDARD TO FIND OPERATIVE SENTENCING FACTS VIOLATED HIS RIGHTS AS GUARANTEED BY THE

> FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES, AND ARTICLE I, SECTIONS 1, 2, 5, 9, 16 AND 20 OF THE OHIO CONSTITUTION.
>
> III. THE TRIAL COURT ERRED IN FAILING TO PERMIT LIMITED DISCOVERY TO OBTAIN EVIDENCE TO SUPPORT PETITIONER'S CLAIMS WHICH PRESENTED SUBSTANTIVE GROUNDS FOR RELIEF.

*State v. Williams*, 2006 WL 1174504 (Ohio App. 10th Dist. May 4, 2006). On May 4, 2006, the appellate court affirmed the trial court's judgment. *Id.* Petitioner filed a timely appeal to the Ohio Supreme Court; however, on October 4, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Williams*, 111 Ohio St.3d 1414 (October 4, 2006).

On October 29, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The trial court deprived petitioner Williams of his Sixth and Fourteenth Amendment right to effective assistance of counsel when it failed to make an adequate and timely inquiry into petitioner Williams (sic) complaints. (Tr. 9-49).
>
> 2. Petitioner was denied effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution because counsel failed to timely object to the introduction of inadmissible evidence that was highly damaging and unfairly prejudicial. (Tr. 378-401, 407, 425).
>
> 3. A trial court must hold an evidentiary hearing in a post conviction action if the petition: 1. Contains a claim sufficient on its fact to raise a constitutional issue 2. The files and records

7

of the case do not affirmatively disprove that the petitioner is entitled to relief and 3. The claim relies upon evidence de hors the record.

Ineffective assistance in violation of his rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments.

4. The trial court erred in failing to hold a hearing or alternatively granting relief on petitioner's second claim for relief to impose non-minimum consecutive sentences and the failure to use the beyond a reasonable doubt standard in violation of his rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments.

5. The trial court deprived petitioner of his Fourteenth Amendment rights when it failed to permit limited discovery to obtain evidence to support petitioner's claims which presented substantive grounds for relief.

6. Trial court deprived petitioner Williams of his Sixth and Fourteenth Amendment rights of self representation when it overruled his motion to waive counsel and represent himself.

7. Direct appeal counsel was ineffective and deprived petitioner of his Sixth and Fourteenth Amendment rights of effective assistance of counsel by not protecting his *Blakely v. Washington* rights.

It is the position of the respondent that petitioner's claims are without merit or not appropriate for federal habeas corpus review.

**EXHAUSTION**

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §

2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary.

Here, it appears that petitioner's claim that the trial court violated *Blakely v. Washington*, 542 U.S. 296 (2004), in re-sentencing petitioner remains unexhausted, as petitioner apparently has an appeal currently pending before the Ohio Supreme Court. Further, petitioner's claim of ineffective assistance of appellate counsel due to his attorney's failure to raise a *Blakely* claim on appeal may be raised in a delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). Therefore, this claim remains unexhausted.

Petitioner has withdrawn his request for a stay of proceedings, so the Court need not consider that issue further. However, in light of the presence of two unexhausted claims, a dismissal of the entire case may be appropriate. See 28 U.S.C. §2254(b)(1)(A(); *Rose v. Lundy*, 455 U.S. 509 (1982). Further, even though respondent has not raised this issue, under 28 U.S.C. §2254 (b)(3), "a state shall not be deemed to have waived the exhaustion requirement ... unless the state, through counsel, expressly waives the requirement." There has been no express waiver here. The Court is therefore reluctant to proceed either to decide the case when two unexhausted claims are present, or to decide those claims.

For these reasons, the Magistrate Judge **RECOMMENDS** that the instant action be **DISMISSED** without prejudice as unexhausted. Alternatively, petitioner may notify the Court within twenty days if he wishes to delete his unexhausted claims and proceed on the remaining exhausted claims, or if he has completed the necessary steps to exhaust those claims. Petitioner's request for a stay, Doc. No. 24, is **DENIED**. Petitioner's requests for the appointment of counsel, Doc. No. 2, and discovery, Doc. No. 3, also are **DENIED** without prejudice to renewal.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp  
United States Magistrate Judge